**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No 08-cv-01210-REB-MJW

WB MUSIC CORP.,
AIN'T NOTHING BUT FUNKIN' MUSIC,
MUSIC OF WINDSWEPT,
BLOTTER MUSIC,
ELVIS MAMBO MUSIC,
TARPO MUSIC PUBLISHING,
EMI APRIL MUSIC, INC.,
NOTTING DALE SONGS, INC.,
EMERGENCY MUSIC, INC., and
SHAPIRO BERNSTEIN & CO., INC.,

    Plaintiffs,

v.

CANAS ENTERPRISES, INC., and
FERNANDO CANAS,

    Defendants.

## ORDER REVIVING FINAL JUDGMENT

**Blackburn, J.**

    This matter is before me on the **Motion To Revive Final Judgment on Consent** [#15][1] filed June 18, 2014. The motion is granted, and the **Final Judgment on Consent** [#13] is revived.

    On August 1, 2008, the court entered a **Final Judgment on Consent** [#13]. Among other things, the judgment requires the defendants to make certain payments to

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the plaintiffs.  The defendants have failed to make certain required payments as required by the judgment and still owe a balance to the plaintiffs.  The plaintiffs seek to revive the judgment in order to maintain a valid judgment lien against property of the defendants.

On March 10, 2015, the court entered an order [#18] requiring the defendants to show cause in writing why the judgment in this case should not be revived.  To date, the defendants have filed no response to the order to show cause.  Colorado law determines the duration of both judgments and judgment liens. See Fed. R. Civ. P. 69(a)(1) ("[t]he procedure on execution [on a money judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."); 28 U.S.C. § 1962 ("Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time.").

C.R.C.P. 54(h) provides the procedures for reviving a judgment.  The procedures and requirements for revival of the judgment in this case have been satisfied.  Thus, I order that the **Final Judgment on Consent** [#13] be revived.

**THEREFORE, IT IS ORDERED** as follows:

1. That the revival of judgment requested in the **Motion To Revive Final Judgment on Consent** [#15] filed June 18, 2014, is granted; and

2. That under C.R.C.P. 54, the **Final Judgment on Consent** [#13] filed August 1, 2008, attached to this order as Exhibit A, is revived.

Dated April 2, 2015, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge